Howell, Judge,
delivered the opinion of the court:
Plaintiffs are citizens of the Republic of the Philippines and were citizens of the Commonwealth of the Philippines prior to the establishment of the Republic on July 4, 1946.
In their petition filed in this court on July 5, 1951, plaintiffs allege that prior to December 30, 1941, they had placed certain jewelry, coins and currency in the Philippine Na *105 tional Bank and that on December 30, 1941, their property was turned over to representatives of the defendant and was stored in vaults on Corregidor; that with the surrender of Corregidor, possession of the property passed over to the Japanese and while in their possession American prisoners of war stole the property.
Plaintiffs further allege that their efforts to have their claim administratively settled have been unsuccessful.
The defendant has moved to dismiss the petition on the ground that the claim is barred by the statute of limitations, 62 Stat. 976,28 U. S. C. (Supp. V) § 2501.
Under our decision in Marcos v. United States, 122 C. Cls. 641, plaintiffs had until September 2, 1951 to file their petition. It was filed on July 5, 1951, and hence is not barred by the statute of limitations. Accordingly, the defendant’s motion to dismiss is denied.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.